■ THOMAS PURCELL, Respondent, v McDANIEL FORD, INC., Defendant and Third-Party Plaintiff-Appellant. CIRCLE SERVICE CENTER CORP., Third-Party Defendants-Respondents, et al., Third-Party Defendant. [639 NYS2d 714] —In an action to recover damages for breach of contract and fraud, the defendant third-party plaintiff appeals from an order of the Supreme Court,

Nassau County (Yachnin, J.), dated October 20, 1994, which granted the plaintiff's motion for summary judgment on the issue of liability on the complaint and denied its motion for summary judgment on the third-party complaint as against Circle Service Center Corp.

Ordered that the order is affirmed, with costs.

There are no triable issues of fact as to whether the appellant made misrepresentations and breached the warranty it issued to the plaintiff (see, CPLR 3212). The appellant's service manager admitted in a deposition that the appellant never inspected the subject vehicle and had no first-hand knowledge as to its roadworthiness. Moreover, the appellant's unsubstantiated allegations that the plaintiff agreed to settle and compromise all claims in exchange for receiving an extended warranty are insufficient to defeat the plaintiff's motion for summary judgment (see, Zuckerman v City of New York, 49 NY2d 557, 562).

In support of its motion for summary judgment with regard to the third-party complaint, the appellant merely contended that the vehicle passed the inspection which was performed by Circle Service Center Corp. Since the issuance of an inspection sticker does not constitute a warranty that a motor vehicle will operate for a designated period of time, the Supreme Court properly denied the motion. Balletta, J. P., O'Brien, Ritter, Pizzuto and Altman, JJ., concur.